

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-17-2003

# USA v. Grubb

Precedential or Non-Precedential: Non-Precedential

Docket 01-3224

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Grubb" (2003). *2003 Decisions.* Paper 877.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/877

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 01-3224

UNITED STATES OF AMERICA

v.

THOMAS GRUBB,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 00-138-1)
District Court: Hon. Eduardo C. Robreno

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2002

Before: NYGAARD, ALITO and McKEE, Circuit Judges.
(Filed: January 17, 2003)

OPINION

McKEE, Circuit Judge.

In this appeal, Thomas Grubb argues that the district court abused its discretion in

denying his motion to withdraw his guilty plea.[1] We disagree.

**I.**

Inasmuch as we write only for the parties, it is unnecessary to recite the facts of this

case. It is sufficient to note that on March 14, 2000, Grubb was indicted and charged with

---

[1]We review the district court's denial of a motion for withdrawal of a guilty plea for
abuse of discretion. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).

four counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of embezzlement from an employee benefit plan in violation of 18 U.S.C. § 664. On December 11, 2000, he entered a guilty plea to the charge of embezzlement from an employee benefit plan pursuant to a plea agreement with the government.

On May 25, 2001, he filed a motion to withdraw his guilty plea. After a hearing, the district court denied Grubb's motion and sentenced him to 18 months imprisonment. This appeal followed.

## II.

We look to three factors to evaluate a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by withdrawal; and (3) the strength of the defendant's reasons for moving to withdraw." *United States v. Trott*, 779 F.2d 912, 915 (3d Cir. 1985). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) (citations omitted).

Grubb, after stating under oath that he was guilty of embezzlement, claims on appeal that he is innocent because his conduct was justifiable and an interpretation of an unspecified ERISA regulation would give the jury a reasonable basis upon which to acquit him. However, we find that the district court did not abuse its discretion in denying Grubb's motion to withdraw his guilty plea. The district court conducted a searching plea

2

colloquy, discussing, *inter alia*, the crime to which Grubb was pleading guilty, the elements that the government was required to prove beyond a reasonable doubt, the consequences of pleading guilty, and the factual basis to which Grubb was admitting. Grubb both acknowledged that he understood the proceeding and admitted the facts, and the ensuing plea was knowing and voluntary.

Five months later, Grubb sought to withdraw the plea only after he was informed that the government would not file a downward departure motion pursuant to U.S.S.G. § 5K1.1. Grubb's motion was based on a bald, unsupported plea of innocence, purportedly in light of a new interpretation of an unspecified ERISA regulation. There is nothing here to establish that the district court improperly refused to allow Grubb to withdraw the plea that he knowingly, voluntarily, and intelligently offered.

## III.

For the above reasons, we will affirm the district court.

_____

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

/s/Theodore A. McKee

Circuit Judge

DATED: January 17, 2003

3